Argued February 24, affirmed March 9, 1972

WAYNE, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 373-042),
*Respondent.*

494 P2d 466

*Robert A. Bennett,* Portland, argued the cause for
appellant. On the brief were Willner, Bennett & Leon-
ard, Portland.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief

were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

Claimant suffered a cerebral vascular accident (a stroke) and seeks compensation under the Workmen's Compensation Act on the ground that this occurred as a result of his employment. The hearing officer denied compensation, making the following findings with which the Workmen's Compensation Board and the trial court agreed:

"Claimant is a 76-year-old bachelor whose present employment with defendant started on January 8, 1970. As a sheet metal worker in the finishing department he was required to remove rust, slag, sharp corners and edges with portable and stationary sanders weighing eight to nine pounds. Claimant hadn't worked for over a year and although he found the work difficult and tiring, it was his opinion it would become easier as his physical condition improved. Because of the relatively constant strain of operating a portable sander he developed tension in his arms, neck and shoulders concurrently with increasing mental tension to the point where he was unable to relax when he was not working and did not recuperate by the start of the next shift. He notified his supervisor of his problems and was told to just take it easy.

"Claimant stated that on the Friday prior to his cerebral vascular accident he was totally exhausted by quitting time, spent most of the weekend in bed and still didn't feel too well by Monday morning. He stated he walked to work, his usual mode of transportation, and sat at his bench until the whistle blew. He then got his face mask and res-

pirator, picked up the sander, put it down again, and decided to get a change of jobs or quit. He walked back to the bench and decided to answer a call of nature. Following a bowel movement he noticed his right arm had gone to sleep and was not responsive. When he tried to return to the work area he noticed his right leg did not seem to be functioning properly and he sat down. The plant nurse called an ambulance and he was taken to St. Vincent's Hospital where he came under the care of Drs. Raglione, Blickle and Storino. The diagnosis was cerebral vascular accident with right hemiplegia and partial aphasia. Claimant was released from the hospital after 16 days but did not file a claim until July 1, 1970. On December 15, 1970 he consulted Dr. H. Clagett Harding, an internist, for treatment. He appeared and testified for claimant. Drs. Blickle and Storino testified for defendant.

"Claimant is one of those now rare workmen who derives satisfaction from a job well done and sets greater personal standards of perfection than most present-day employers demand or can afford. He is scrupulously truthful, has an excellent memory and possesses many admirable traits. He might also be characterized as rigid and uncompromising, possibly stubborn and arbitrary.

"Drs. Harding and Blickle are both internists and both are treating doctors. Dr. Storino is a neurosurgeon and neurologist and also treated claimant during his hospitalization. Although none of the doctors are board-certified, their credentials are impressive and their objectivity is unquestioned. They agree claimant probably had a thrombosis of the middle cerebral artery on the left and all agree the question of probable cause is difficult to assess. Dr. Harding ultimately arrived at the conclusion the thrombosis was probably related to the tension generated by claimant's work activity together with his attitude toward his work. He testified that the daily involvement produced a tension state which

was personal to claimant; that tension raises the blood pressure and where arteriosclerosis has caused a partial obstruction of the flow of blood within the vessels the blood backs up and slows allowing the clotting mechanism to take place. He stated the build-up of tension over several weeks tended to build pressure and when this was added to the increased pressure caused by the Valsalva's maneuver the thrombosis occurred.

"Dr. Blickle stated arteriosclerotic plaque formation occurs over a period of time and claimant's emotional state wouldn't have much effect on the formation of a thrombosis. Dr. Storino stated 'It would be my opinion activities of this nature, falling in the category of light to moderate work activity, would not be the type which would lead to an injury (of this kind).' He conceded the possibility that tension and anxiety could be a factor, because if the blood pressure were elevated and claimant had a blood vessel spasm it would cause an occlusion by spasm rather than by thrombosis.

"Faced with three qualified and sincere medical witnesses of divergent opinions, all of whom are treating doctors, and with a series of lay witnesses whose credibility cannot be questioned, the ultimate decision is difficult to achieve. Claimant stated his employer had advised him to take it easy to rest when necessary and had put him on less arduous jobs when he became fatigued and that his bowel movement had been normal and easy. In view of the medical testimony on both sides relating to these factors and considering the fact that the closest claimant came to working on February 16, 1970 after a weekend of rest was picking up the sander and setting it down again, it is the opinion of the Hearing Officer the work activity on February 16, 1970 was not a material contributing cause of claimant's cerebral vascular accident."

The thrust of claimant's argument on appeal is that *Clayton v. Compensation Department,* 253 Or 397,

454 P2d 628 (1969), requires a different result. We do not so read that opinion. *Clayton* was tried to a jury. The jury found in favor of compensation for a heart attack. The trial judge entered judgment for the defendant notwithstanding the verdict. The Supreme Court did not there rule that in every case in which a heart attack follows stress the heart attack is compensable. It only went so far as to reject the view that "* * * exertion or stress can never be a causative factor in these cases." 253 Or at 402. It went on to hold that medical testimony that exertion or stress could be a factor and was in fact a materially contributing cause in that case was sufficient to make a fact question for the jury.

*Clayton* did not overrule *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). *Coday* was tried under the current workmen's compensation law (but prior to the establishment of the Court of Appeals). There the Supreme Court reviewed de novo. The Supreme Court in *Coday* found that there was sufficient physical effort preceding a heart attack to support a finding of legal causation. It then proceeded to hold as to medical causation that the claimant had failed to carry the burden of proof and ruled against compensation.

Our review of the record discloses that the hearing officer's findings of fact were correct and we agree with his conclusion and that of the Workmen's Compensation Board and the circuit court judge that the claimant here has not proven by a preponderance of the evidence that his work activity was a material contributing cause of his cerebral vascular accident.

Affirmed.