Argued April 19, affirmed May 13, 1974

FRANKLIN, *Appellant, v.* WEYERHAEUSER
COMPANY (No. 73 4052), *Respondent.*

521 P2d 1322

*Thomas A. Hanlon,* Springfield, argued the cause
for appellant. On the brief were Babcock, Ackerman
& Hanlon, and William A. Babcock, Springfield.

*J. W. McCracken,* Eugene, argued the cause and
filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and
THORNTON, Judges.

LANGTRY, P. J.

Claimant suffered a cerebral vascular accident
(stroke) precipitated by a complete occlusion of the

internal carotid artery, while working as a timber faller for defendant. The onset of symptoms in the form of sharp head pain occurred as claimant finished driving a plastic wedge into a three-foot diameter Douglas fir, the last one to be fallen in that day's work. He then marked the tree and walked about 800 feet to a place where he had coffee and cookies, and at that time the stroke fully manifested itself. The only question is whether claimant has established medical causation by a preponderance of the evidence. *Cf. Clayton v. Compensation Department*, 253 Or 397, 454 P2d 628 (1969); *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968).

Defendant originally denied the claim. Claimant at the subsequent hearing introduced the medical reports of Dr. Hockey, a neurosurgeon, in support of his claim. Defendant called Dr. Mehl, a Board-certified specialist in heart, lung and vascular surgery. The hearing officer summarized the medical evidence as follows:

"The attending neurological surgeon [Dr. Hockey] initially reported,

" '. . . I understood this patient had this problem just after he had finished a hard day at work . . . At any rate, regardless, I do not feel that this problem represents an industrial injury. The patient probably had a significant stenosis of the carotid artery and then one had to completely occlude the artery at the time he had this problem. It is my opinion that there is no relation between this and his job' (Claimant's Exhibit 4).

"With the added history of sudden onset of headache while putting in a wedge with great force the same doctor equivocally modified his opinion:

" 'With this new information, I would certainly feel that it is likely the exertion could

have caused a further thrombosis of the already partially occluded artery. Therefore I would feel that this would have to certainly be strongly considered as a possible industrial injury' (Claimant's Exhibit 8).

"At the hearing, Dr. Roger Mehl, a Board certified specialist in heart, lung and vascular surgery, testified that in his opinion there was no causal connection between the work effort and the cerebral vascular accident. Dr. Mehl testified there is no research, clinical evidence or respected medical opinion that exertion can precipitate a cerebral vascular accident * * *."[1]

The hearing officer found claimant had not established medical causation and denied the claim. On review the Workmen's Compensation Board and the circuit court have affirmed the hearing officer's order.

On appeal the thrust of claimant's argument is that Dr. Mehl's testimony should be discounted because it is contradicted by medical testimony reported in our opinion in *Wayne v. SAIF*, 8 Or App 390, 494 P2d 466 (1972). In *Wayne*, another stroke case, one doctor testified that nervous tension and anxiety by increasing blood pressure could precipitate a stroke; two doctors testified to the contrary. In affirming the denial of compensation in *Wayne* we said:

"* * * [T]he claimant here has not proven by

---

[1] Dr. Mehl's testimony shows he felt exertion could not precipitate an occlusion of an artery. However, he felt exertion could precipitate some CVA's of a type different from the one suffered by claimant, namely, strokes attributable to vascular bleeding which occurs in the brain area. The misstatement by the hearing officer of Dr. Mehl's testimony makes no material difference to this case.

The thrust of Dr. Mehl's reasons given for his opinion is that the arteries that supply the brain are not called upon to deliver extra blood as are muscle arteries at times of exertion. This is because the brain is not a muscle. Therefore, extra exertion is unlikely to contribute to a complete occlusion in such an artery.

a preponderance of the evidence that his work activity was a material contributing cause of his cerebral vascular accident." 8 Or App at 394.

The factual context of this case is different from that in *Wayne*. Wayne suffered his stroke prior to actually commencing his work activity. Franklin was stricken as he finished one of the more vigorous physical tasks his job required of him. Nonetheless, on the record made in this case, claimant has not established medical causation by a preponderance of the evidence. Balancing Dr. Hockey's *strong consideration of the possibility* (not probability), without satisfactory explanation of why he believed there should have been such consideration, against Dr. Mehl's definite no, with the very cogent reasons Dr. Mehl gave for his opinion, claimant has simply failed to prove his case. *Cf. Schwehn v. SAIF,* 17 Or App 50, 520 P2d 467 (1974).

The order is affirmed.